UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Claudia Benz,<br><br>                              Plaintiff,<br><br>-v-<br><br>St. Catherine of Siena Medical Center,<br><br>                              Defendant. | 2:25-cv-03938<br>(NJC) (LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an application to proceed in forma pauperis ("IFP") filed by Claudia Benz ("Benz") together with a pro se Complaint. (*See* Compl., ECF No. 1; IFP App., ECF No. 2.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing the enclosed AO 239 Long Form IFP application ("Long Form"). Alternatively, Benz may pay the $405.00 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to

the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Benz's application does not provide sufficient information for the Court to reasonably conclude that Benz is unable to afford the filing fee. For example, although Benz checked the box in response to question three, thereby indicating that she has received income in the past twelve months from "[b]usiness, profession, or other self-employment," she has omitted the amount of income. (IFP App., ECF No. 2 at Q. 3.) Benz's submission also omits the amount she contributes to support her dependent son.[1] (*Id*. at Q. 8.) Further, in response to the question that calls for reporting the amount of regular monthly expenses, Benz listed debts for loans and credit cards in what appear to be their total sums. (*Id*. at Q. 6.) The only reported monthly living expenses are for rent, utilities, and car insurance. (*Id*.) Benz provides no expenses for food, gas, and other regular living expenses. (*Id*., *in toto*.) Thus, Benz's application raises more questions than it answers and does not demonstrate that Benz is qualified to proceed IFP.

---

[1] In accordance with the E-Government Act's requirements, Benz shall identify her minor son using his initials rather than his full name in future submissions to the Court.

Accordingly, the IFP motion is denied without prejudice and with leave to renew on the enclosed Long Form IFP application. If Benz is financially supported by another person, she shall include the financial information for that person or persons in the space marked "spouse" on the renewed application. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get . . . such as from a spouse, parent, adult sibling or other next friend.") (quotation marks and citation omitted). Alternatively, Benz may pay the $405.00 filing fee.[2] Benz shall either file the renewed IFP application or remit the filing fee within two (2) weeks of the date of this Order or the Complaint will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

---

[2] Once the filing fee is paid, there are no refunds regardless of the outcome of the case. *Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-cv-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020) ("[T]he law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action"). Accordingly, Benz is encouraged to consult an attorney or to avail herself of the free legal resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School at the Central Islip Courthouse. Benz may schedule an appointment there by calling (631) 297-2575 or by e-mailing PSLAP@Hofstra.edu. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court.

would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: Central Islip, New York
       January 26, 2026

                                                  */s/ Nusrat J. Choudhury*
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge